UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLLIN PATENT LICENSING, LLC and
AUTOSCRIBE CORPORATION,

        Plaintiffs,

vs.

THE FARMERS GROUP, INC.,

        Defendant.

Case No.
Hon.

**JURY TRIAL DEMENDED**

Christopher E. Tracy (P46738)
Honigman Miller Schwartz and Cohn LLP
350 East Michigan Avenue
Suite 300
Kalamazoo, MI 49007-3800
(269) 337-7708
*Attorneys for Plaintiffs*

## COMPLAINT FOR PATENT INFRINGEMENT

        Plaintiffs Pollin Patent Licensing, LLC and Autoscribe Corporation complain of Defendant The Farmers Group, Inc. as follows:

        1.     This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

        2.     Pollin Patent Licensing, LLC ("PPL") is a Florida limited liability company with a business address of 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33304.

        3.     Autoscribe Corporation ("Autoscribe") is a Maryland corporation with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

12842104.1

2

4. On October 3, 2006, the United States Patent and Trademark Office granted U.S. Patent No. 7,117,171, entitled "System and Method for Making a Payment from a Financial Account" and naming Robert Pollin as the inventor (the "'171 Patent"), which claims priority from an application filed on October 15, 1992. A true and accurate copy of the '171 Patent is attached hereto as Exhibit 1.

5. Autoscribe is the owner by assignment of all legal rights, title, and interest in and to the '171 Patent.

6. PPL is the exclusive licensee to rights in the '171 Patent and is responsible for the licensing of the '171 Patent.

7. Among other activities, Autoscribe specializes in various forms of electronic payment solutions, including software and services for payment capture, risk management, ACH processing and check by phone payment (see, e.g., www.paymentvision.com). Among other things, PPL is responsible for the licensing of the '171 Patent.

8. Autoscribe and PPL have standing to sue for infringement of the '171 Patent because they collectively own all right, title and interest in and to the '171 Patent and the Autoscribe processes and products covered by that patent, including the right to collect for past damages. Autoscribe and PPL have each suffered injury from the Defendant's acts of patent infringement.

9. The Farmers Group, Inc. ("Farmers") is a Nevada corporation with a place of business in Los Angeles, California. Farmers is licensed to do business in Michigan and has a registered agent at 601 Abbott Road, East Lansing, Michigan 48823. Farmers conducts substantial business in Michigan and this Judicial District.

10. On information and belief, Farmers is in the insurance industry and conducts business and has insurance customers throughout the United States, including in Michigan and this Judicial District.

11. In support of its insurance business, including that in Michigan and this Judicial District, Farmers has customer call centers in at least Grand Rapids and Caledonia, Michigan. Through these call centers, Farmers provides check-by-phone payment processing services for its customers that infringe the '171 Patent.

12. Accordingly, as set forth above, this Court has personal jurisdiction over Farmers because, among other things, it transacts substantial business in Michigan and this Judicial District.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

### **INFRINGEMENT OF U.S. PATENT NO. 7,117,171**

14. Farmers infringed the '171 Patent until its expiration on October 15, 2012 by, among other activities, making, using and/or conducting business through its call centers to collect debt or payments over the telephone from a checking or other demand deposit account in a manner that is covered by at least claims 6 and 12 of the '171 Patent. A representative claim chart is attached as Exhibit 2.

15. Specifically, Farmers offers a service whereby customers can make payments over the phone, through a conversation with a live operator, from a checking account ("pay by phone" system).

16. Farmers' pay by phone system includes a computing system with an input screen and requires entry of a customer's financial institution routing and account numbers.

17. The required routing and account numbers are obtained by an operator of Farmers' pay by phone system.

18. Farmers' pay by phone system confirms the identity of the customer's financial institution based on the routing number provided by the customer and, in instances where the provided routing number does not match a valid routing number, the system provides an indication to the operator that there is an error.

19. Farmers creates electronic records containing the information obtained from a customer and Farmers processes and transmits those records to a clearing system to cause a transfer of funds.

20. Farmers may operate more than one system to obtain payments from customers' checking accounts over the telephone. An opportunity for discovery will enable Plaintiffs to identify all infringing systems with greater particularity.

21. At all times, Autoscribe and PPL have complied with the provisions of 35 U.S.C. § 287 as and to the extent required by law.

22. Farmers' direct infringement of the '171 Patent has injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Autoscribe and PPL respectfully ask this Court to enter judgment against Farmers, as well as its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Plaintiffs and against Farmers;

B. An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began or July 2007, whichever is later;

C. Increased damages and/or attorneys' fees as permitted under 35 U.S.C. § 284 and § 285;

D. Such other relief that Plaintiffs are entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues properly triable to a jury.

Dated:  July 16, 2013                    Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Christopher E. Tracy
Christopher E. Tracy (P46738)
HONIGMAN MILLER SCHWARTZ & COHN LLP
350 East Michigan Avenue, Suite 300
Kalamazoo, MI  49007-3800
(269) 337-7708
Fax: (269) 337-7709
ctracy@honigman.com

Raymond P. Niro
Robert A. Vitale, Jr.
Patrick F. Solon
Laura A. Kenneally
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733
Fax: (312) 236-3137
RNiro@nshn.com; Vitale@nshn.com;
Solon@nshn.com; LKenneally@nshn.com;
GOpatken@nshn.com

*Attorneys for Plaintiffs*

</div>